United States Court of Appeals,

Eleventh Circuit.

No. 97-9198

Non-Argument Calendar.

Charles A. KENT, Plaintiff-Appellant,

v.

SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, Defendant-Appellee.

Aug. 4, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:97-CV-231-TWT), Thomas W. Thrash, Judge.

Before GODBOLD, HILL and FAY, Senior Circuit Judges.

PER CURIAM:

Charles A. Kent, *pro se,* appeals the dismissal of his petition for mandamus, 28 U.S.C. § 1361.

On appeal, Kent essentially argues that the district court should have granted his petition for mandamus and ordered the Secretary of Labor to comply with 42 U.S.C. § 503(b)(1) by conducting an investigation of the Georgia Department of Labor.

Whether a district court has subject-matter jurisdiction over an action is a question of law that we review *de novo. Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida,* 999 F.2d 503, 506 (11th Cir.1993).

Upon review of the petition, the Secretary's motion to dismiss, and the district court's order, and consideration of parties' briefs, we find no reversible error.

The language of 42 U.S.C. § 503(b)(1), which is the statute upon which Kent relies, shows that the district court did not have jurisdiction to grant his petition for mandamus. This statute provides that whenever the Secretary finds, after a hearing, that the state agency has effected "a denial, in a substantial number of cases, of unemployment compensation to individuals entitled thereto," by a state agency, the Secretary "shall notify such State agency that further payments will not be made to the State until the [Secretary] is satisfied that there is no longer any such denial of failure to comply." 42 U.S.C. § 503(b)(1). Thus, the Secretary's decision whether to invoke this statute is discretionary. Moreover, the statute authorizes the Secretary to act on behalf of all those who were denied unemployment compensation, and not individuals who were denied such benefits. *See id.*

We conclude that because mandamus was not an appropriate means of relief here, the district court lacked jurisdiction.

AFFIRMED.